# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00668-CV

---

**Carlos Tello, Appellant**

v.

**Office of the Attorney General, Child-Support Division, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-AG-21-000470, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Carlos Tello challenges the trial court's ruling that, under Texas Rule of Civil Procedure 145, he is required to pay court costs incurred in defending a suit for modification of child support filed by the Office of the Attorney General, Child-Support Division. *See* Tex. R. Civ. P. 145 ("Payment of Costs Not Required").

Rule 145 exempts a party from paying court costs, including the reporter's fee, if the party files a statement of inability to afford payment of court costs. *See id.* R. 145(a)(b). A trial court may order payment of costs by a party who has filed a statement of inability to afford court costs (i.e., the declarant) only on a motion challenging the statement and upon the declarant's failure, at an evidentiary hearing, to establish his inability to afford costs. *Id.* R. 145(e), (f). In addition, under subsection (f) of Rule 145, an order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs, *id.*

R. 145(f)(2), and state, in conspicuous type, that the declarant "may challenge the order by filing a motion in the court of appeals within 10 days after the date the order is signed," *id.* R. 145(f)(4); *see id.* R. 145(g) ("Review of Trial Court Order").

On August 2, 2022, Tello filed a motion to proceed as a pauper and attached to his motion a statement of inability to afford payment of court costs. *See id.* R. 145(b). In response, the Attorney General filed a motion, supported by sworn evidence, to require Tello to pay court costs. *See id*. R. 145(e). On September 16, 2022, the trial court conducted an evidentiary hearing on the Attorney General's motion and, upon hearing testimony concerning the value of real property owned by Tello, orally granted the motion and stated that Tello was "not eligible to proceed as a pauper." Tello then filed a "notice of appeal," seeking review in this Court of the trial court's September 16 oral ruling. *See id.* R. 145(g)(1) ("The declarant may challenge the order by motion in the court of appeals with jurisdiction over an appeal from the judgment in the case.").

Based on the record before us, it does not appear that the trial court has signed an order memorializing its oral ruling on the Attorney General's motion to require payment of costs. In the absence of a signed order in compliance with subsection (f), including "detailed findings that [he] can afford to pay costs," Tello cannot be required to pay costs. *See id.* R. 145(f) ("When a Statement has been filed, the declarant must not be ordered to pay costs unless these procedural requirements have been satisfied."). Moreover, unless and until an order in compliance with subsection (f) has been signed, this Court cannot review the merits of the trial court's decision to require Tello to pay costs. *See id. R.* 145(g)(1), (2); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2011) (explaining that "[t]he general rule, with a few mostly

2

statutory exceptions, is that an appeal may be taken only from a final judgment"). Accordingly, we dismiss this cause for want of jurisdiction.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed: December 8, 2022